STEPHEN GLASCOCK vs. A. S. ROBARDS.

1. Where a defendant comes into possession under a contract for a deed, he is not strictly a tenant, and is not entitled to notice to quit. He is liable to be turned out as a trespasser, if he fails to comply with his contract, and is responsible in that character, for mesne profits.

2. "It having been long held and settled," that the payment of the purchase money, by a vendee, going into possession, under a contract for a deed, will not protect his possession in ejectment, "it is deemed but prudent and proper to permit the new code of practice and procedure upon which we are just entering, to suggest and establish a rule, or rules, more consonant to equity, to justice and to law."

Glascock vs. Robards.

## ERROR to Marion Circuit Court.

PRATT & REDD for plaintiff in error.

I. That a vendee, who goes into possession under a contract of purchase, is not entitled to notice to quit.

In Smith vs. Stewart. 6 John Rep. 43, the court says, " that where a defendant comes into possession under a contract for a deed, the better opinion is, that he never was strictly a tenant, and never entitled to notice to quit." "He is liable to be turned out as a trespasser, and responsible in that character for mesne profits."

In Jackson vs. Miller, 7 Cowen 752; The defendant went into possession under a contract to purchase at $5 00 per acre.

Chief Justice Savage, after an extensive review of the authorities, decides that the defendant is not entitled to notice to quit, and concludes his argument in the following words—"It seems reasonable that notice to quit should be given in all cases where the tenant occupies with the consent of the landlord, and does no act hostile to him. But the case of a contract to sell, seems unfortunately to have been considered an exception. No notice was necessary therefore, and the plaintiff is entitled to judgment."

In Jackson vs. Moncrief, 5 Wend. 29, possession was obtained by the defendant, under an agreement to convey. Court says: "Notice to quit was not necessary. The defendant was quasi tenant at will, but, as between vendor and vendee, no notice to quit is necessary," and the court refers to and sanctions the case of Jackson vs. Miller, 7 Cowen 752.

The broad rule in Wright vs. Beard, as laid down by Lord Ellenborough " that where the lessor had put the defendant into possession, he could not bring his ejectment until he had demanded the possession, and the defendant had refused, or done some wrongful act to determine his possession," has been overruled, or, at least very much circumscribed in its operation by the above cases; and in Kentucky, by the case of Haley vs. Hickman's heirs. Little's select cases, 266–68.

James Hickman put his son-in-law, Hill, into possession, who occupied the same until the defendant married his daughter, when Hill put defendant into possession of the part of the premises sued for. Both Hill and defendant continued to occupy, with the consent of Hickman until his death, when plaintiffs, as his heirs at law brought the suit. Held by the court: " We think the case is not of a character to require notice. A notice to quit is only necessary where the relation of landlord and tenant, or, in other words, lessor and lessee, subsists, and the lease is to expire at an uncertain time."

II. Holding the rule to be in accordance with the doctrine in Wright vs. Beard, the vendee coming into possession lawfully, and holding at the will of the vendee, is entitled to notice or deemed by reason of the relation subsisting between them ; there being a privity both of contract and estate.

Yet we hold that the case of a defendant, claiming under the original vendee, comes within the scope of a well settled exception to such rule—there being no privity, and the relation of landlord and tenant not subsisting between him and the vendor.

In Jackson vs. Deyr, 3 John 421–22. Thomas L. Whitbeck sold the premises to Christiana and Edw. Goes, and covenanted to convey in consideration of £20, which was paid. C. & E. Goes sold and conveyed to Punlus Kane, who sold and conveyed to the defendant T. L. Whitbeck, the vendor, died, and his father, as his heir at law, brought ejectment. Defendant contended, that having the beneficial interest, and being lawfully in possession, he was entitled to notice. Held, "there is no tenancy whatever. It never has been decided that a notice to quit was necessary unless the relation of landlord and tenant existed. A mortgagor is quasi tenant at will, but here there is no semblance of any such relation. We might as well require a previous notice to quit in every case. Judgment for the plaintiffs."

Glascock vs. Robards.

In Jackson on Denrise of Stewart vs. Kingsly, 17 John Rep. 159. Stewart, the plaintiff, leased the premises from Romayne forever, receiving a rent of $15 00 per annum. Stewart sold to Benton for $750 00, Benton agreeing to pay the rent to Romayne. The defendant came into possession under Benton Held, by Spencer, J., "The relation of landlord and tenant does not exist The contracts between plaintiff Stewart and Benton was an agreement to sell, and in such a case, notice to quit is not necessary."

In Jackson vs. Hopkins, 18 John 488; ejectment by mortgagee vs. mortgagor. Held, by Spencer, J., "As between mortgagor and mortgagee, the former is regarded as a tenant at will by implication, and is entitled to notice to quit." "But when the mortgagor sells the mortgaged premises absolutely, the purchaser from him is not entitled to notice to quit, because the sale itself is an act of disloyalty."

In a court of law, where the equities of the parties cannot govern the decision, the only interest that a mortgagor or vendee has in the land, is, an estate at will. And the distinction made by these authorities appears to be founded on the well known rule, that when a tenant sell a higher estate than he has in the premises, he forfeits the tenancy; as, when a tenant under a demise for ten years, undertakes to sell the freehold, he forfeits, by that act, his term, and the landlord may bring his ejectment immediately, without any demand or notice.

In Jackson Stackhouse, 1 Cowen 124, ejectment by the mortgagee vs. a defendant in possession, under a contract to purchase of the mortgagor· Held, by Justice Woodsworth, "The defendant was not entitled to notice to quit, there was no privity either of contract or estate between the defendant and the plaintiff; the relation of landlord and tenant did not exist between him and the mortgagee."

This case does not come within the rule as laid down in Wright vs. Beard, by Lord Kenyon. His words are : "Where the lessor puts the defendant into possession, he cannot treat him as a trespasser until he refuses to decline possession, or does some wrongful act to determine his lawful possession."

This case does not come within the rule for two reasons: 1st. The defendant was not put in possession by Glascock, nor did he go into possession with his privity or consent. 2nd. The defendant, and those under whom he claims, have done acts, equivalent to a refusal to deliver the possession. They not only claim the possession and title adverse to the plaintiff, but claim damages for the refusal to make a deed. In the words of Chief J. Savage, in Jackson vs. Miller, 7 Cowen 752, "they have done acts hostile to the plaintiffs." The claim set up by Campbell & Hawkins, was an act of disloyalty—considering them as tenants at will.

In the case before the court; the defendant has never claimed to hold under plaintiff as tenant, but as purchaser of the interest on execution. Campbell, by his bill in chancery, averred that he was entitled not only to a deed, but damages also, in $3000, by means of the refusal. If the defendant has any rights, they exist only in equity. If those, under whom he claims, have paid their money, or are entitled to a deed; he can have the legal title decreed to him; if, to the court of equity, after having all the proofs, it should seem right.

3d. The defendant is bound by all the acts and admissions of those under whom he claims. The bill of Campbell disclaimed all equitable right, and demanded a deed and compensation. After that, neither Campbell nor any one claiming under him is entitled to notice of a right they repudiate They must give possession before they can dispute the title.

GLOVER & CAMPBELL, for defendants in error.

There is no possible state of a case in which a vendor, who has agreed to convey all his interest in real estate, and who has received his purchase money, should be armed with power either to evict such purchaser or his tenants from the property.

To say he may do so, is to declare that he may commit a fraud on his own agreement. To

allow him shch a power. in such a case, is to create a power merely to be abused, for such power never can be exercised honestly, or for any purpose consistent with principles of justice.

That the vendor has the legal title, and therefore may eject his vendee, is begging the question. The legal title does not always maintain a suit of ejectment.

The landlord has the legal title; the tenant may have the right to possession, which the landlord cannot disturb.

The vendee, who is placed in possession, has a right of possession according to the terms of his contract. If he comply with his contract, he cannot be evicted at all, for this is the contract—he shall enjoy if he pay.

Still more monstrous is it to adjudge that one who is put into possession expressly or impliedly, to remain in it at the will of another, should be put to costs without any notice that the agreement had ended, or that he was expected to alter his position. See the following authorities, which enforce these views: 5 Wend. 28–4-30; 7 Cow. 750–1–2. The defendant will contend that no notice "to quit" was requisite. Perhaps notice to quit in the technical meaning of the law of landlord and tenant was not, nor do we contend for it as such; but we contend that if the purchase money was not paid and the vendor wished to rescind, he should say so, before bringing ejectment. And if the purchase money was paid, the right of possession is in the vendee.

Birch, J., delivered the opinion of the court.

This was an action of ejectment, and tried by the court on the general issue.

The evidence was, that on the 29th of May, 1837, the plaintiff, (Glascock,) who was the owner of the lot in dispute, sold and bound himself to convey the same to David O. Glascock, on the payment, by the latter, to the Hannibal Company, of four hundred dollars. David O. Glascock was put into possession of the lot, erected upon it a steam mill under an arrangement with the said company, got into debt, suffered the lot and improvements to be sold under execution against him, and John J. Campbell became the purchaser.

There was testimony touching the indebtedness of David O. Glascock to the Hannibal company on other accounts, growing out of the erection of the mill, and evidence was also admitted with the design of proving that an arrangement had been agreed upon on the part of the company, whereby the purchase money for the lot should be, or was, paid and satisfied. It is deemed unnecessary further to state the testimony in the case, than that the defendant in the suit below claimed under some one who traced his title back to the sheriff's deed to Campbell, and shewed that a deed had once been prepared by an agent of the Hannibal Company, reciting the payment of the purchase money by David O. Glascock, and that it would have been signed by Stephen Glascock but for some informality. Subsequently, at the instance of said Company,

Stephen Glascock refused to make a deed to David, and brought this suit.

At the instance of the defendants, the court declared the law to be (firstly,) that if the plaintiff sold the property in dispute to David O. Glascock, and put him in possession, and agreed to convey the title to him, and the defendant come in under said David, and no demand was ever made for possession by the plaintiff before suit, he cannot recover. Also, (secondly,) that if in the case just supposed, the purchase money was paid by Glascock, (the purchaser,) there could be no recovery.

Upon these instructions the plaintiff took a non-suit, with leave to move to set it aside, which being overruled the case is brought here.

In reference to the last instruction, no authority is cited by the counsel for the defendant in error, nor, indeed, perhaps, would any be deemed necessary beyond the authoritative force of his own conclusive reasoning, were the question now undergoing for the first time judicial consideration. It having, however, been long held and settled otherwise, it is deemed but prudent and proper to permit the new code of practice and procedure upon which we are just entering, to suggest and establish a rule, or rules, more consonant to equity, to justice, and to law.

Respecting the first one, having relation purely to the necessity of a notice to the defendant to quit the possession which is alone here in question, it will suffice to remark that whatever might have been the opinion of at least a portion of this tribunal had the question been presented as an original one, it has been deemed most proper to concur in what seems to be the preponderant current of authority in analogous cases—deducing therefrom that no such notice is necessary in a case like the present, (without privity,) and that consequently the judgment of the circuit court must be for that reason reversed, and the cause remanded.